UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM CONNER and MARILYN CONNER, husband and wife,

Plaintiffs,

v.

CITY OF SEATTLE, a Washington municipal corporation,

Defendant.

CASE NO. C08-913RSM

ORDER OF REMAND TO KING COUNTY SUPERIOR COURT

This matter is now before the Court for consideration of a Notice of Removal filed by defendant City of Seattle. This action was filed in King County Superior Court on May 14, 2008, and defendant removed it to this Court on June 11, 2008. Having *sua sponte* considered the Notice of Removal and the complaint, the Court has determined that the action must be remanded to state court.

LEGAL STANDARD

The matter was removed to this Court pursuant to 28 U.S.C. § 1441(b), which reads in relevant part, "Any civil action of which the district court has original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Prize Frize*

ORDER OF REMAND - 1

*Inc., v. Matrix Inc.*, 167 F. 3d 1261, 1265 (9th Cir. 1999). If at any time before judgment it appears that this Court lacks subject matter jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(c). This Court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Insurance Co. v. Waddell & Reed, Inc.*, 360 F.3 3d 960, 967 (9th Cir. 2004). If the Court determines that it lacks jurisdiction, it must remand. *Kelton Arms Condominium Owners Association v. Homestead Insurance Co.*, 346 F. 3d 1190, 1192093 (9th Cir. 2003).

## DISCUSSION

The complaint here is captioned "Land Use Petition and Complaint for Damages and Declaratory Relief." It asks the King County Superior Court to review a decision of the City of Seattle hearing examiner regarding their right to build homes on three single-family lots in Seattle. Complaint, p. 1. After alleging numerous errors made by the hearing examiner in the Land Use Petition portion of the complaint, plaintiffs assert two causes of action under Washington State law: an action under RCW 64.40, which "creates a cause of action for damages for applicants for project approvals", and a request for declaratory judgment pursuant to The Uniform Declaratory Judgment Act, RCW 7.24. Complaint, ¶¶ 41, 5.2. Nowhere does the complaint invoke federal law in any form.

Nevertheless, the Notice of Removal asserts that a federal claim is present because plaintiffs have alleged in the body of the Land Use Petition that the hearing examiner's decision and the ordinance under which it was rendered both violate their "constitutional rights to equal protection, procedural and substantive due process, and to be free of a regulatory taking." Notice of Removal, p. 2. Defendants contend that because no specific reference is made to the Washington State Constitution, plaintiffs' request for attorneys fees necessarily means that plaintiffs are relying on 42 U.S.C. § 1983 through § 1988 for vindication of their constitutional claims. In other words, the request for fees, which defendants assert are not available under either state law cause of action, creates a cause of action under §§ 1983 through 1988, where they are available.

The Court cannot accept defendant's argument. Under the long-established "well pleaded complaint" rule, jurisdiction must be determined from the plaintiff's statement of his or her own claim in

ORDER OF REMAND - 2

the complaint. It cannot be implied by linking together a passing reference to constitutional rights, which are afforded plaintiffs under the Washington State Constitution as well as under the federal one, with a request for attorneys fees. Federal courts have repeatedly held that "vague, ambiguous, or passing references to federal law in a complaint" are not sufficient to support removal based on federal question. *Shelley's Total Body Works v. City of Auburn*, 2007 WL 765205 (W.D.Wash. 2007) (citing cases). Here, there is neither a vague or ambiguous reference to § 1983 or other federal law in the complaint. Nor, given the stringent requirements under *Monell* for asserting a § 1983 claim against a municipality such as the City of Seattle, is it possible to imply one. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690-94 (1978).

There is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F. 2d 564, 566 (9th Cir. 1992). Any doubts regarding the right to removal must be resolved in favor of remand back to state court. *Matheson v. Progressive Specialty Insurance Company*, 319 F. 3d 1089, 1090 (9th Cir. 2003). Here, the Court can find no basis for federal subject matter jurisdiction on the grounds asserted by defendant. Accordingly, this case is hereby REMANDED to the King County Superior Court, Cause No. 08-2-16680-5SEA.

The Clerk shall close this file and send a certified copy of this Order to the Clerk of Court for the King County Superior Court.

Dated this 19th day of June, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF REMAND - 3